1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7   In re:                                    NO: CV-12-340-RMP

8        LLS AMERICA, LLC,                     Bankruptcy No: 09-06194-PCW11

9                        Debtor.               Adversary No: 11-80161-PCW11

10                                             ORDER DENYING ALL PENDING
                                               MOTIONS
11  BRUCE P. KRIEGMAN, solely in his
    capacity as court-appointed Chapter 11
    Trustee for LLS America LLC,
12
                         Plaintiff,
13
    vs.
14
    Anthony Cilwa, et al.
15
                         Defendants.
16

17          Before the Court are Defendants Anthony Cilwa's and Victoria Cilwa's

18   (collectively "the Cilwas") motion to change venue, ECF No. 4, motion to raise

19   jurisdictional and constitutional issues, ECF No. 15, motion to dismiss second

20   cause of action, ECF No. 17, and motion to continue, ECF No. 29.  Also before the

    ORDER DENYING ALL PENDING MOTIONS ~ 1

1   Court is the Plaintiff Bruce Kriegman's motion to strike jury demand, ECF No. 8.

2   The Court has reviewed the motions, the supplements, objections, memoranda,

3   responses, all other relevant filings, and is fully informed.

4                                    **BACKGROUND**

5          This action is one of the adversary proceedings that began in the bankruptcy

6   of LLS America, LLC ("LLS").  According to the complaint, LLS operated as a

7   Ponzi scheme by receiving money from "lenders" that it would then provide as

8   small loans.  ECF No. 1-4 at 3-5.  However, LLS is alleged to have been insolvent

9   and using money received from later lenders to pay earlier lenders.  ECF No. 1-4 at

10  6.  The Cilwas are alleged to have lent money to LLS and received payments from

11  LLS.  ECF No. 1-4 at 7-8.  Mr. Kriegman, in his capacity as court appointed

12  trustee, brought this action seeking to avoid certain transfers of money made to the

13  Cilwas by LLS and to return that money to the bankruptcy estate.  ECF No. 1-4 at

14  14-15.

15         The Cilwas moved to withdraw the reference to this case in light of the

16  Supreme Court's decision in *Stern v. Marshal*, 131 S. Ct. 2594 (2011).  The Court

17  granted that motion in part, set a trial date in this action, and referred all pretrial

18  matters back to the bankruptcy court.  ECF No. 2.  After withdrawal, the Cilwas

19  filed a request for jury trial and a motion to change venue.  ECF Nos. 3, 4.  Mr.

20  Kriegman filed a motion to strike the jury demand.  ECF No. 8.  The Cilwas then

ORDER DENYING ALL PENDING MOTIONS ~ 2

filed a motion to raise jurisdictional and constitutional issues, ECF No. 15, and a motion to dismiss, ECF No. 17.

## DISCUSSION

Three of the Cilwas' motions are directed at pretrial matters that have been referred to the bankruptcy Court.  Their motion to change venue has been denied by the bankruptcy court.[1]  This Court will not disturb that ruling.

The Cilwas' motion to raise jurisdictional and constitutional issues consists of one page of moving papers and no supporting memorandum.  In the motion, the Cilwas "question whether [their] constitutional rights are being denied."  ECF No. 15 at 1.  The Cilwas reference jurisdiction, the right to a jury trial, and the right to a fair trial.  ECF No. 15 at 1.  Pretrial motions should be directed to the bankruptcy court pursuant to the Court's order on withdrawal of the reference.  ECF No. 2.  Furthermore, the Cilwas failed to supply any argument or authority for the motion.  Accordingly, even if this Court were the appropriate forum for this motion, the motion still would fail for lack of support.  LR 7.1(b).

The Cilwas' motion to dismiss, ECF No. 17, seeks disposition of a claim.  Pursuant to the Court's order on withdrawal of reference, such a motion also

---

[1]The order memorializing the bankruptcy court's oral ruling is ECF No. 37 in the adversary action 11-80161-PCW.

ORDER DENYING ALL PENDING MOTIONS ~ 3

should be directed at the bankruptcy court in the first instance.  Accordingly, the motion will be denied.[2]

The Cilwas' fourth motion seeks a continuance of the trial date set before this Court in order to facilitate discovery.  As this Court's most recent order stated, the bankruptcy court has authority to enter orders addressing discovery.  ECF No. 28 at 3.  The Court's order also stated that this Court will not be setting individual trial dates at this time.  ECF No. 28 at 3.  Should the bankruptcy court, in its management of pretrial matters, determine that the current trial date does not allow sufficient time to accommodate the pretrial schedule, this Court is amenable to a motion to continue the trial date.  In light of the absence of such a finding by the bankruptcy court, the Court will not grant the motion to continue.

Mr. Kriegman has moved to strike the notice of jury demand filed by the Cilwas.  This Court will address Mr. Kriegman's pretrial motion regarding the Cilwas' right to a jury trial, which has a negligible impact on pretrial proceedings in the Bankruptcy Court, but which does have a significant impact on the nature of any trial in this Court. In addition, this Court has the power to grant the requested remedy, which is to strike a pleading filed in this Court.

---

[2]The Court notes that the issue was heard in the bankruptcy court, and the bankruptcy court denied the Cilwas' motion.  ECF No. 82 in 11-80161-PCW.

ORDER DENYING ALL PENDING MOTIONS ~ 4

1    Mr. Kriegman argues that the Cilwas do not have the right to a jury trial in

2  this case because the Cilwas filed a proof of claim in the bankruptcy action.  For

3  this proposition, Mr. Kriegman relies on *Langenkamp v. Culp*, 498 U.S. 42 (1990),

4  which held that "by filing a claim against a bankruptcy estate [a] creditor triggers

5  the process of 'allowance and disallowance of claims,' thereby subjecting himself

6  to the bankruptcy court's equitable power."  *Id.* at 44 (quoting *Granfinanciera,*

7  *S.A., v. Nordberg*, 492 U.S. 33, 58-89 (1989)).  As a result, "there is no Seventh

8  Amendment right to a jury trial."  *Id.* at 45.  The Cilwas filed a proof of claim in

9  the LLS bankruptcy action.  *See* ECF No. 1081 in 09-bk-6194-PCW11.

10  Accordingly, argues Mr. Kriegman, the Cilwas enjoy no jury trial right on their

11  claims.

12    The Supreme Court recently clarified the *Langenkamp* rule in *Stern*.  The

13  *Stern* court addressed whether certain counterclaims raised by the bankruptcy

14  estate against a creditor could be resolved by the bankruptcy court or whether those

15  claims could be finally adjudicated only in an Article III court.  131 S. Ct. at 2608-

16  16.  The Court determined that the counterclaim raised by the bankruptcy estate in

17  *Stern* was the type of claim that had to be heard in an Article III court.  *Id.* at 2615.

18    Relying in part on *Langenkamp*, the bankruptcy estate argued that the

19  bankruptcy court could resolve the estate's counterclaim despite its being the type

20  of claim that should normally be heard in an Article III court because the counter-

ORDER DENYING ALL PENDING MOTIONS ~ 5

defendant had filed a proof of claim in the bankruptcy action and thereby submitted himself to the equitable jurisdiction of the bankruptcy court. *Id.* at 2615-16. The Court rejected the estate's claim and distinguished *Langenkamp* on the ground that the claims at issue in *Langenkamp* were resolved as part of the claim allowance process. *See Stern*, 131 S. Ct. at 2616-17. Because the bankruptcy court had authority to resolve the creditor's proof of claim, and such resolution required the bankruptcy court to resolve the estate's claims against that creditor, disposal of the proof of claim finally adjudicated the estate's claims. *See id.* In contrast, the counterclaim at issue in *Stern* was sufficiently distinct from the issues raised in the counter-defendant's proof of claim that resolution of the proof of claim would not resolve the entirety of the counterclaim. *Id.* at 2617. Accordingly, the bankruptcy court's exercise of its equitable jurisdiction would not resolve the estate's counterclaim, and the counterclaim only could be resolved in an Article III court. *Id.* at 2617-18.

The logic of the *Stern* court's ruling on jurisdiction applies with equal force to the issue of a bankruptcy creditor's right to a jury trial on a counterclaim. A creditor's filing of a proof of claim does not act as a waiver that deprives the creditor of the right to a jury trial. *Granfinanciera*, 492 U.S. at 59 n.14. Instead, the basis of the rule that a creditor's filing a proof of claim deprives the creditor of the right to a jury trial is jurisdiction. It is the fact that the bankruptcy court has the

ORDER DENYING ALL PENDING MOTIONS ~ 6

equitable authority to resolve a cause of action that results in a jury trial being

unavailable. *Langenkamp*, 498 U.S. at 44-45.  Where final resolution of a cause of

action rests outside of the bankruptcy court's power, the right to a jury trial

remains. *See id.* at 45.  In light of *Stern*, the right to a jury trial on a claim brought

by the estate against a creditor who has filed a proof of claim turns on whether it is

necessary to resolve the estate's claim as part of ruling on the creditor's proof of

claim.  Where resolving the proof of claim means that the issues raised by the

estate's claim will be resolved, there is no right to a jury trial.  Where the estate's

claim will not be resolved, the jury trial right persists.

This Court has withdrawn the reference to part of the adversarial action

between LLS and the Cilwas.  ECF No. 2.  This Court has not withdrawn reference

as to the claim allowance process.  *See* ECF No. 2.  Accordingly, any matters that

will be addressed on review of proposed findings of fact and conclusions of law

filed by the bankruptcy court, or that will be addressed at trial before this court,

will not be resolved as part of the claim allowance process.  Therefore, the fact that

the Cilwas have filed a proof of claim in the bankruptcy court does not extinguish

their right to a jury trial with regard to those matters that are to be finally addressed

in this Court.  Mr. Kriegman asserts no other basis for striking the Cilwas' jury

demand.  Accordingly, Mr. Kriegman's motion will be denied.

*/ / /*

ORDER DENYING ALL PENDING MOTIONS ~ 7

Accordingly, **IT IS HEREBY ORDERED:**

    1.  All pending motions, **ECF Nos. 4, 8, 15, 17**, **29** are **DENIED**.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 25th day of October 2012.


                        *s/ Rosanna Malouf Peterson*
                     ROSANNA MALOUF PETERSON
          Chief United States District Court Judge

ORDER DENYING ALL PENDING MOTIONS ~ 8